10804

## BAGNAL-RANKIN MOTOR CO. v. NESMITH-FLOWERS CO.

### (110 S. E. 150)

1. CHATTEL MORTGAGES—EVIDENCE INSUFFICIENT FOR SUBMISSION TO JURY OF ISSUE THAT SELLER ACCEPTED AUTOMOBILE TRUCK IN PART PAYMENT OF PRICE.—In an action, by seller of automobile truck, for claim and delivery, following buyer's default in payment of purchase money notes secured by chattel mortgage, in which buyer claimed to have delivered other truck to seller in part payment, evidence that seller had taken other truck under agreement to sell it for buyer for specified amount, and to give buyer credit for such amount, *held* insufficient for submission to jury of whether truck had been accepted by seller as part payment of the purchase price.

2. CHATTEL MORTGAGES—VERDICT HELD SUFFICIENT.—In chattel mortgagee's action for claim and delivery, verdict, "By direction of the Court, we find for the plaintiff, possession of the truck, being one Bethlehem truck, 1 1-2 ton capacity, as set out in the complaint, or in case possession cannot be had, for the sum of $950.00, together with interest and attorney's fees as set out in the complaint, the value thereof," *held* sufficient.

3. CHATTEL MORTGAGES—IN MORTGAGEE'S ACTION COURT PROPERLY DIRECTED JURY TO FIND VALUE OF PROPERTY TO BE AMOUNT OF DEBT.—In chattel mortgagee's action for claim and delivery following default in payment of purchase price secured by the mortgage, it was within the province of the Court to direct the jury to find the value of the property to be the amount of the debt.

Before PEURIFOY, J., Williamsburg, Spring term, 1921. Affirmed.

Action by *Bagnal-Rankin Motor Co. v. Nesmith-Flowers Co.* From directed verdict for plaintiff the defendant appeals.

Plaintiff sold defendant an automobile truck and took a chattel mortgage to secure payment of the purchase price, providing that on defendant's failure to make payments the plaintiff should have the right to take possession of the truck. Plaintiff alleged that defendant had defaulted and defendant denied such default, and claimed to have paid

plaintiff in part by delivery to it of another truck. Plain-tiff denied having received such truck as a payment on the purchase price of the truck sold to the defend-ant, and on defendant's failure to produce evidence to show that the other truck was so received by plaintiff, the Court directed a verdict for the plaintiff. Plaintiff's witnesses testified on cross-examination that the other truck was re-ceived by plaintiff to be sold for the defendant under agree-ment with the defendant to sell it for a specified price, that defendant had been assumed by plaintiff that the other truck could be sold for such price, and that plaintiff would make up any difference between such price and the price for which it would be received.

The verdict referred to follows:

"By direction of the Court, we find for the plaintiff, pos-session of the truck, being one Bethlehem truck, 1 1-2 ton capacity, as set out in the complaint, or, in case possession cannot be had, for the sum of nine hundred and fifty, ($950.00), together with interest and attorney's fees, as set out in the complaint, the value thereof."

*Messrs. Arrowsmith & Muldrow,* for appellant, cite: *Verdict should be directed where only one reasonable infer-ence can be drawn from testimony:* 91 S. C., 17; 83 S. C., 36; 91 S. C., 439. *Form of verdict in claim and delivery:* Code Proc. 1912, Sec. 321; 18 S. C., 381; 19 S. C., 489; 30 S. C., 326; 39 S. C., 328.

*Messrs. Thomas & Lumpkin,* for appellant, cite: *Appeal must be from the violation of some substantial right:* 10 S. C., 497. *Verdict complied with statute:* 75 S. C., 230; Code Proc. 1912, Sec. 86; 92 S. C., 572; 66 S. C., 432. *Value immaterial to controversy:* 114 S. C., 352.

December 20, 1921.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action for claim and delivery, and after issue joined the cause was heard by Judge Peurifoy and a jury at the spring term of Court, 1921, for Williamsburg County, resulting in a directed verdict by his Honor in favor of plaintiff. After entry of judgment defendant appeals and by five exceptions alleges error. These exceptions make, in substance, two grounds of appeal. That there was evidence upon cross-examination of plaintiff's witnesses sufficient to submit to the jury the issues involved. The other grounds made by the exceptions make the point that the form of the verdict directed by the Court and signed by the foreman was improper, and should be set aside

The appellant submitted no testimony. The undisputed evidence shows that there was no agreement whatever to receive the Indiana truck as a payment on the purchase price of the Bethlehem truck. The notes and mortgage in evidence show no memorandum as to receipt of the Indiana truck. That being the case, his Honor was correct in directing a verdict for the plaintiff.

The other grounds are overruled. They do not involve any substantial right of the parties.

The verdict identifies the property. A judgment based on it can be enforced with reasonable certainty. The verdict is regular in every material respect. It is in the alternative, and meets the requirement of the statutes.

It was within the province of his Honor to direct the jury to find the value of the property to be the amount of the debt. But the value of the property is immaterial in this case. The plaintiff is clearly entitled to the possession. The property can be held to perform the legal requirements as set out in note and mortgage. When that is done, the overplus, if any, will be paid to appellant.

All exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE FRASER: I dissent. The defendant did not seek to vary the terms of a written agreement by parol. They set up a new agreement that could be made by parol. The plaintiff already had the Indiana truck, and no delivery was possible. The plaintiff's witness testified:

"Q. Anyhow you got in touch with a prospect who agreed to pay you $1,000 for it? A. Yes, sir.

"Q. And you got in touch with the Nesmith-Flowers Company right away? A. Yes, sir.

"Q. And they said accept it, and you said you would immediately give them credit for that amount? A. Yes, sir."

I think the case should have gone to the jury.